ALBANY,
Jan. 1814.

WYSHAM
v.
ROSSEN.

WYSHAM *against* ROSSEN.

R., a seaman, shipped on board of a vessel, of which H. was master, for a voyage from *Baltimore* to *Lisbon* or *Cadiz* and back, and sailed from *Baltimore* on the voyage, during which the vessel was captured and carried into *Jamaica*, and while the vessel was detained there, H., the master, returned to *Baltimore*, and the owners of the vessel sent out W. to take charge of the vessel and bring her home, she having been released with her cargo, which was sold at *Jamaica*; the vessel returned to *Baltimore* in ballast, under the command of W.; and R., the seaman, brought an action against W. to recover his whole wages, from *Baltimore* to *Jamaica* and back, to the time of his discharge; but it was held that W was not responsible under the contract made with H, the first master; the voyage home, from *Jamaica* to *Baltimore*, during which W. acted as master, being a new and distinct voyage, and for which only, under the new contract, he was answerable to the seamen.

IN ERROR, on *certiorari*, from the justices' court of the city of *New-York*. *Rossen* brought an action against *Wysham*, in the court below, for wages as second mate on board of the ship *Philip*, on a voyage from *Baltimore* to *Lisbon* or *Cadiz* and back. The plaintiff below shipped on board the vessel of which one *Hall* was master, and signed articles in the usual form at *Baltimore*, the 4th of *September*, 1812, at the rate of 30 dollars per month. The ship sailed the 6th of *September*, and on the 11th of the same month, a ship of war appeared in sight, about 7 miles to the eastward, and soon after showed *British* colours. The *Philip*, instead of avoiding her, which she might easily have done, bore down for her and was captured. The *Philip* had a *British* license on board. She arrived at *Jamaica* the 9th of *October*. The plaintiff, after being on board a month, was compelled, with the rest of the crew, to go on board a prison ship, there being no provisions on board the *Philip*, and was detained on board the prison ship until the 11th of *March*, when he and the rest of the crew were restored to the *Philip*. While the plaintiff was on board the prison ship, *Hall*, the master, returned to *Baltimore*, and the defendant below was sent out by the owners to take charge of the ship and bring her home. He informed the plaintiff and the rest of the crew, on their return to the *Philip*, that the vessel and cargo had been acquitted by the court of admiralty. The ship sailed from *Jamaica*, under the command of the defendant, on the 1st of *April*, 1813, in ballast, and arrived at *New-York* the 28th of *April*, and the plaintiff was discharged by the defendant on the 3d of *May* following. The defendant proved that he was owner of the outward cargo, consisting of flour and corn, and that he was a *Portuguese*; that he had not yet paid the owners of the ship their freight, nor had he received the proceeds of the cargo, though he was about sending an agent to *Jamaica* for that purpose. The cause was tried by a jury, who found a verdict for the plaintiff for 185 dollars and 50 cents, being the whole amount of his wages from *Baltimore* until his return to *New-York*, deducting what

had been paid to him in advance, on which the court below gave judgment.

The case was submitted to the court without argument.

*Per Curiam.* Seamen are said to have a threefold remedy for their wages, to wit, against the ship, the owners, and the master. But the master is chargeable only on his special contract in hiring the seamen. The action against him arises solely from the obligation which he contracts by such hiring; and the action against the owners arises from the implied contract which they are supposed to have made through their agent, the master. (1 *Comyn on Contracts*, 493. *Pothier, Louage des Matelots*, n. 226.) What evidence is there in this case of a contract between the defendant below and the seamen for their wages, for the voyage from *Baltimore* to *Lisbon* and back? Clearly none. The contract of the plaintiff below, and the rest of the crew, was with Captain *Hall*. The defendant was merely sent out to *Jamaica*, by the owners of the ship, to bring her back to *New-York*, and he engaged the plaintiff and seamen for that voyage only. He never assumed the contract of Captain *Hall*, nor did he contract with the seamen for any other voyage than the new one conducted by him from *Jamaica* to *New-York*. This was a voyage altogether distinct from the one for which the plaintiff engaged with Captain *Hall*. The only case in which it can be supposed that a new or substituted master assumes the contract, is, when he takes upon himself the original voyage. To carry his responsibility further would be unprecedented, and of dangerous consequence. The recovery in the court below was against law, and must be reversed.

Judgment reversed.